The document below is hereby signed.

Signed: May 31, 2019



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BLUE CHIP CAPITAL, DC, LLC, | ) | Case No. 19-00062 |
| | ) | (Chapter 11) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter**. |

MEMORANDUM DECISION RE DISMISSAL OF CASE
AND DENIAL OF APPLICATIONS TO EMPLOY PROFESSIONALS

This supplements my oral decision at the hearing of May 23, 2019, regarding the motion (Dkt. No. 27) filed by EverCap Financial, L.L.C. ("EverCap"), a member of the debtor, seeking dismissal of this case. For reasons explained at that hearing, and addressed below, EverCap established cause for dismissing the case, and for denying the pending applications for the appointment of professionals.

I

Prepetition, the debtor misused funds that were supposed to be used exclusively for making interest payments to its lender, an entity affiliated with EverCap. Under the debtor's operating agreement, designed to protect the debtor's lender, EverCap was entitled, upon the occurrence of an event of default on the loan

to the debtor, to remove and replace the debtor's manager. Prepetition, EverCap exercised that right and appointed Lawrence Brown as the debtor's new manager.

The debtor was formed to purchase a loan secured by real property, and that loan is the debtor's sole significant asset.[1] Brown has substantial experience in enforcing loan obligations such as those owed to the debtor pursuant to the loan it holds.

The debtor's operating agreement required EverCap to consent to the filing by the debtor of any bankruptcy petition. EverCap's consent to the debtor's filing a bankruptcy petition was never sought.  The debtor's former manager filed the debtor's petition commencing this case despite having been replaced as manager.  That former manager is in jail.

In moving to dismiss the case, EverCap sought discovery from the debtor, including written discovery and noticing up the debtor for a deposition.  The debtor failed to respond to the written discovery and no one appeared to testify on behalf of the debtor at its scheduled deposition.  The debtor's conduct raises an obvious question of whether the debtor is capable of managing its affairs if it does not consent to Brown's acting as its manager.  The debtor presented no evidence suggesting how the

---

[1] The debtor scheduled a claim against Brown, EverCap and others for breach of fiduciary duty, tortious interference, etc., of unknown value, but presented no evidence to show that the claim has any meaningful value.

debtor could manage its affairs.

The debtor has only two creditors, its lender and its proposed special counsel (Press Dozier & Hamelburg, LLC), which holds a prepetition claim, a claim that in comparison to the lender's claim is relatively small.  That proposed special counsel has not opposed the motion to dismiss.  The debtor's schedules indicate that the debtor's assets (scheduled as exceeding $800,000 in value) are far greater than the scheduled claims against the debtor, totaling less than $500,000.  The debtor presented no evidence to demonstrate that the debtor is in need of the reorganization tools of the Bankruptcy Code in lieu of having Brown manage the debtor outside of bankruptcy.

II

The evidence established cause for dismissing the case under 11 U.S.C. § 1112(b)(1).  The debtor failed to make a showing under 11 U.S.C. § 1112(b)(2) of unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate.  The debtor also made no showing of a reasonable likelihood that a plan will be confirmed within the timeframes established in 11 U.S.C. §§ 1121(e) and 1129(e).  Nor did the debtor present evidence showing that someone of its choosing is available to manage the debtor now that its former manager is incarcerated, and thus did not make any showing under 11 U.S.C. § 1112(b)(2)(B)(ii) that its act of

not having a manager available will be cured within a reasonable period of time.

The debtor suggested that the court could appoint a trustee. However, the debtor presented no evidence to establish that the appointment of a trustee, and the expense that would entail, "is in the best interests of creditors and the estate" under § 1112(b)(1).  This is not a case in which the debtor's enterprise entails issues warranting the reorganization tools of a case under Chapter 11 of the Bankruptcy Code.  Indeed, the debtor's schedules indicate that the debtor is a healthily solvent debtor.  Moreover, Brown is experienced in handling assets like the debtor's sole significant asset (a loan to a third party secured by real property).

The debtor urged, in support of its request for the appointment of a trustee, that Brown, whose interest is to see that EverCap's affiliate (the lender to the debtor) is paid in full, might fail to maximize the debtor's recovery on its sole asset so long as EverCap's affiliate (which holds a lien on the debtor's sole significant asset) is being paid in full, with the result that the debtor's other equity interest holders might not see any meaningful return to them.  However, Brown, as manager, will have duties to the debtor's enterprise outside of bankruptcy that will largely mirror the duties a bankruptcy trustee would have to the estate, and the debtor did not present an argument as

4

to why that is not the case. Finally, as explained below, the debtor failed to demonstrate a reason under the Bankruptcy Code to disregard the appointment of Brown as manager and to disregard the requirement, to which the debtor agreed, that EverCap consent to any bankruptcy case filing.

A lender's right, upon a default, to have veto control over the debtor's deciding whether to file a bankruptcy case might in some circumstances arguably run afoul of the principle, invoked by the debtor, that waivers of a debtor's right to pursue bankruptcy protection are against public policy. *See In re Franchise Services of North America Inc.*, No. 1702316EE, 2018 WL 48959, at *12-16 (Bankr. S.D. Miss. Jan. 17, 2018) (in its decision, the court certified questions for direct appeal to the U.S. Court of Appeals for the Fifth Circuit under 28 U.S.C. § 158(d)(2)(A), and attached its Memorandum Opinion, which is the subject of the appeal, that has a thorough and insightful discussion on this issue and the underlying cases addressing it). I need not decide whether, in different circumstances, that principle can properly be invoked to bar agreements of the type at issue here. EverCap established cause for dismissing the case independent of the existence of its right to nix the filing of a bankruptcy case and independent of its right to replace management. Regardless of how far the principle invoked by the debtor reaches, it must yield when the debtor has been unable to

establish that it is able to proceed with a bankruptcy case in a proper way. In these circumstances, I uphold the requirement that Evercap consent to the filing of a voluntary petition.

Moreover, the debtor's schedules indicate that the debtor's assets (scheduled as exceeding $800,000 in value) are far greater than the scheduled claims against the debtor, totaling less than $500,000, and the debtor presented no evidence establishing the existence of financial distress warranting a resort to the tools of a Chapter 11 case in lieu of Brown managing the debtor outside of bankruptcy. Although the Bankruptcy Code does not preclude a solvent debtor's filing a bankruptcy case, a solvent debtor, without having demonstrated a need for the reorganization tools of the Bankruptcy Code, should not be allowed, by invoking the principle the debtor invokes, to succeed in a request to have the court disregard a requirement, to which all the debtor's members agreed, that its lender's affiliate consent to the debtor's filing a bankruptcy case and the requirement, to which the all debtor's members also agreed, that the debtor be managed by a manager of the lender's affiliate's choosing. *See Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936, 940 (11th Cir. 1986) (solvent debtors, not in financial distress, proceeded in bad faith and abused the Bankruptcy Code in seeking to use a bankruptcy case for the purpose of rejecting an option agreement that was unfavorable to them). The whole purpose of the

6

bankruptcy case appears to have been an effort to displace Brown as its manager, and that does not suffice to warrant disregarding the requirement that EverCap consent to the filing of a voluntary petition and EverCap's authorized appointment of Brown as manager of the debtor.  The foregoing constitutes additional cause for dismissing the case as filed in bad faith.  *See Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984)(dismissal is appropriate when it is "evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights").

                                III

EverCap requested that the dismissal be made with prejudice for a period of two years.  However, the record does not warrant granting that relief *in toto*.

The request is appropriate with respect to the filing of a voluntary petition.  The court's ruling will be binding under collateral estoppel (issue preclusion) with respect to those issues necessarily tried and decided incident to the motion to dismiss.  That includes the determination, in the circumstances this case presented, that EverCap's consent to a voluntary petition was required.  It appears unlikely that the circumstances justifying that determination will change over the next two years.  Thus it is appropriate, as requested by EverCap, to bar the filing of a voluntary petition without EverCap's

                                 7

consent for a period of two years. If circumstances change, the debtor is free to file a motion under Fed. R. Bankr. P. 9024 for relief from the bar against the filing of a voluntary petition without EverCap's consent and to attempt to convince the court that in the changed circumstances the requirement of EveCap's consent runs afoul of the Bankruptcy Code.

Barring an involuntary petition is a different story. Press Dozier & Hamelburg, LLC (the debtor's proposed special counsel), as an unsecured creditor, is arguably entitled to file an involuntary petition against the debtor under 11 U.S.C. § 303(i) if it has grounds for doing so and proceeds in good faith. However, in any such case, the debtor and, necessarily, Press Dozier & Hamelburg, LLC (which, it may be added, had an incentive and opportunity to oppose the determination that only Brown is authorized to operate the debtor, in or out of bankruptcy) will be bound by the court's determination that only Brown is authorized to manage the debtor if the debtor operates as a debtor in possession in a Chapter 11 case. The court's order will reflect that although the court is not dismissing the case with prejudice to the filing of an involuntary petition, only EverCap's designee (currently Brown) is authorized to manage the debtor if the debtor operates as a debtor in possession in a Chapter 11 case.

IV

The dismissal of the case, upholding EverCap's right to bar the filing of a bankruptcy case, and the court's determination that only Brown is authorized to operate the debtor, will also require denial of the debtor's applications to employ general counsel and special counsel.

V

Orders follow.

[Signed and dated above.]

Copies to: E-recipients of orders.